FILED
2008 May-05 PM 12:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES LIABILITY** ) <br> **INSURANCE GROUP,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **JAMES J. MILLER, JAMES** ) <br> **MILLER INVESTMENTS, INC.,** ) <br> **and OAKHURST PROPERTIES** ) <br> **LLC,** ) <br> ) <br> Defendants. | Civil Action Number <br> **5:08-CV-00079** |

**MEMORANDUM OPINION ON MOTION TO DISMISS**

Presently before the Court is Plaintiff United States Liability Insurance Group's ("USLI") Motion to Dismiss Defendants' Counterclaims (Doc. 14.) For the reasons that follow, the Court concludes that USLI's Motion to Dismiss is due to be GRANTED in part and DENIED in part. Specifically, the Motion is due to be GRANTED on the claims for negligence, wantonness, and DENIED on the claims for breach of contract and bad faith.

**I.  FACTUAL BACKGROUND**

On January 14, 2008, USLI filed a Complaint for Declaratory Judgment (Doc. 1), asking the Court to determine USLI's obligations to defend and/or

indemnify its insureds, James J. Miller, James J. Miller Investments, and Oakhurst Properties, in an underlying suit styled *Noah Duncan and Patricia Duncan v. James J. Miller, et. al.*, CV. No. 2006-2252.  In the underlying suit, Defendants Miller and Miller Investments ("Miller") were sued for breach of contract, breach of express warranty, breach of warranty of habitability, fraud, and deceit arising from Miller's allegedly faulty construction of Plaintiffs' home.  Subsequently, Miller made a claim for insurance coverage for the underlying claims against them.

After USLI instituted the instant Declaratory Judgment action, Miller filed its Answer and Counterclaims on March 6, 2008, counterclaiming for (1) negligence, (2) wantonness, (3) breach of contract, (4) bad faith, and (5) declaratory relief.  Now, USLI has filed a Motion to Dismiss all Counts I through IV of Miller's counterclaims.  (Doc. 14.)

## II.  CONTROLLING LAW

### A.  Negligence and Wantonness

In *Kervin v. Southern Guaranty Insurance Company*, 667 So. 2d 704, 706 (Ala. 1995), the Alabama Supreme Court noted that it has "consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance

claims. *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995).

**B. Breach of Contract**

In *Ex Parte Alfa Mutual Insurance Company*, 799 So. 2d 957, 962 (Ala. 2001), the Alabama Supreme Court held that to establish a breach of contract claim, a party must show "(1) the existence of a valid contract binding the parties to the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Ex Parte Alfa Mutual Ins. Co.*, 799 So. 2d 957, 962 (Ala. 2001). However, by virtue of its contractual duty to defend and its election to do so under a reservation of rights, an insurer assumes an enhanced duty of good faith in conducting its defense. *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298 (Ala. 1988).

**C. Bad Faith**

In *White v. State Farm Fire & Casualty Company*, 953 So. 2d 340, 348 (Ala. 2006), the Alabama Supreme Court held that in order for a plaintiff to prove a claim for bad faith failure to pay against an insurance company, there must have been an intentional refusal to pay the insured's claim. *White v. State Farm Fire & Cas. Co.*, 953 So. 2d 340, 348 (Ala. 2006). Under *L&S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298 (Ala. 1988), a plaintiff can prove bad faith failure to defend under a reservation of rights by showing that the

insurance company (1) did not thoroughly investigate the claim, (2) did not hire competent counsel, (3) did not fully inform the insured of the reservation of rights defense, (4) engaged in some action that showed greater concern for its own monetary interest than for the insured's financial risk." *L&S Roofing*, 521 So. 2d at 1303.  Under *L&S Roofing*, the insurer's counsel also owes a duty of loyalty, duty of full and ongoing disclosure, duty to apprise the insured of all offers of settlement.  *Id.*

### III.  ANALYSIS

#### A.  Negligence and Wantonness

It is clear that under Alabama law, no claim for negligent or wanton handling of insurance company may lie against an insurance company.  *See Kervin,* 667 So. 2d at 706.  *See also Gardner v. First Premium Ins. Group*, 2007 WL 1283999, *2 (S.D. Ala. Apr 30, 2007).  However, Miller pursues its negligence and wantonness counterclaims by stating that *Kervin* and its numerous progeny are distinguishable because the circumstances of the instant case are "so egregious as to be unique in the case law."  (Doc. 18, 3.)

In distinguishing *Kervin*, Miller claims that the Miller parties' claims for negligence and wantonness against USLI do not rest on USLI's duty to investigate the claim.  Rather, they are based upon USLI's enhanced duties arising out of its

decision to defend the claim under a reservation of rights.  Here, Miller imputes the prerequisites for the cause of action for bad faith, which is both preferred and recognized in Alabama for cases arising out of the mishandling of insurance claims, onto the unrecognized torts of negligence and wantonness.  This is insufficient.

Foremost, nothing in the record shows that the facts and circumstances of this case are unique at all.  Second, Miller's attempt to show that the claims for negligence and wantonness arise out of the enhanced duties outlined in *L&S Roofing* is a conflation of two distinct causes of action.  The enhanced duties outlined in *L&S Roofing* arise out of the contract and thus give rise to a cause of action for breach of contract–not negligence or wantonness.  *See Twin City Fire ins. Co. V. Colonial Life and Acc. Ins. Co.*, 839 So. 2d 614, 617 (Ala. 2002). Accordingly, the Court holds to the generally accepted principle that, in Alabama, no claim for negligent or wanton handling of insurance company may lie against an insurance company.  *See Kervin,* 667 So. 2d at 706.  USLI's Motion to Dismiss Defendants' Counterclaims (Doc. 14) is due to be  GRANTED on the claims for negligence and wantonness.

**B. Breach of Contract**

USLI's Motion to Dismiss Defendants' Counterclaims for breach of contract is due to be DENIED for the reasons outlined in the above paragraph. Quite simply, Miller has counterclaimed that USLI has breached its enhanced duty of good faith in its defense of Miller under a reservation of rights. Under *L&S Roofing,* a plaintiff can prove bad faith failure to defend under a reservation of rights by showing that the insurance company (1) did not thoroughly investigate the claim, (2) did not hire competent counsel, (3) did not fully inform the insured of the reservation of rights defense, (4) engaged in some action that showed greater concern for its own monetary interest than for the insured's financial risk." *L&S Roofing*, 521 So. 2d at 1303.

This is a cognizable claim which Miller is entitled to prove. "Because the enhanced duty [of good faith] arises from the contract, it follows that claims alleging a breach of the enhanced duty of good faith are contract claims." *Twin City,*839 So. 2d at 617. USLI's Motion to Dismiss Defendants' Counterclaims for breach of contract is due to be DENIED.

**C. Bad Faith**

The tort of bad faith and a claim for breach of the enhanced duty of good faith under *L&S Roofing* are separate claims under Alabama law, even though parties in this matter have not treated them as such. *See, e.g. Colonial Life &*

*Accident Ins. Co. V. Hartford Fire Ins. Co.*, 358 F.3d 1306 (11th Cir. 2004). "Bad faith is an intentional tort, *Shelter Mutual Insurance Co. v. Barton,* 822 So.2d 1149, 1154 (Ala.2001), and a species of fraud. *Dumas v. Southern Guaranty Ins. Co.,* 408 So.2d 86, 89 (Ala.1981)." *Jones v. Alfa Mut. Ins. Co.* 875 So.2d 1189, 1193 (Ala. 2003). "[C]laims alleging a breach of the enhanced duty of good faith are contract claims." *Twin City*,839 So. 2d at 617.

Without question, Alabama law is opaque at best with respect to these claims, as is evidenced by the controlling law as well as the briefs. One thing, however, is clear. Despite Miller's contentions, *L&S Roofing* almost certainly does not stand for the proposition that if a party breaches the enhanced duty of good faith in its defense under a reservation of rights, then that party is *per se* guilty of the tort of bad faith. Likewise, *L&S Roofing* does not preclude the possibility that an insurer could be liable for both simultaneously.

Accordingly, it appears that an insurer's breach of the *L&S* duties in a defense under a reservation of rights is necessary to establish a claim for the tort of bad faith, but not sufficient. Therefore, in opposing this Motion to Dismiss, Miller faces a legal question–not a factual one, *i.e.,* has Miller sufficiently plead a claim for the tort of bad faith above and beyond its claim that USLI breached the *L&S* enhanced duties? The Court finds that it has and the Motion to Dismiss is due to

be DENIED.

In its counterclaim for bad faith (Doc. 8, ¶ 22 *et seq*.), Miller claims (1) USLI breached its enhanced duty of good faith (the *L&S* duties), and (2) USLI engaged in conduct that was "despicable and malicious, and was carried on by USLI for its own economic gain and with a willful and conscious disregard for the rights and interests of the Miller parties . . . ." (Doc. 8, ¶ 27.)  "[A] Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Nance v. Matthews,* 622 So.2d 297, 299 (Ala.1993).  Because Miller has plead above and beyond a mere breach of the *L&S* duties, USLI's Motion to Dismiss the counterclaim for bad faith is due to be DENIED.

## CONCLUSION

Accordingly, the Court concludes that Defendants' Motion to Dismiss (Doc. 14) is due to be GRANTED in part and DENIED in part.  Specifically, the Motion is due to be GRANTED on the claims for negligence, wantonness, and DENIED on the claims for breach of contract and bad faith.

Done the 5th day of May, 2008.

 U.W. Clemon
 United States District Judge